IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIONE A. FAVORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0045-WS-N |
| | ) |
| ALABAMA POWER COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on *sua sponte* review of plaintiff's filing (doc. 32) dated April 28, 2010.

The court file reflects that plaintiff, Dione A. Favors, proceeding *pro se* in this matter, has brought a Title VII action against defendant, Alabama Power Company, alleging claims of retaliation and religious discrimination. The file further reflects that Magistrate Judge Nelson set a deadline of April 28, 2010 for the parties to file dispositive motions. (Doc. 21.) Defendant filed a Motion for Summary Judgment in a timely manner, with accompanying memorandum of law, exhibits, suggested determinations of undisputed fact and conclusions of law, and a proposed order, as required by the Local Rules. A briefing schedule (doc. 31) was entered for Alabama Power's Motion for Summary Judgment, pursuant to which Favors' response is due on or before May 26, 2010, with any reply to be filed no later than June 9, 2010.

On May 3, 2010, the Clerk's Office received for filing a one-paragraph letter (doc. 32) from Favors. This letter is dated April 28, 2010, and states that Favors "request[s] summary judgment in [her] favor." From both the date and the text of the correspondence, it appears that Favors is attempting to submit a cross-motion for summary judgment. However, Favors' motion fails on its face. She has not filed a supporting brief, as required by Local Rules 7.1 and 7.2. She has not submitted suggested determinations of undisputed fact and conclusions of law, as required by Local Rule 7.2. Her filing contains only the vaguest statement that Alabama Power discriminated against her, with a conclusory assertion that "while discrimination investigation

took place, [Favors] was released from employment to avoid dealing with an ongoing problem."
Plaintiff's motion lacks any supporting facts or exhibits that might demonstrate the absence of genuine issues of material fact and might show her entitlement to entry of judgment as a matter of law, pursuant to Rule 56, Fed.R.Civ.P. In short, Favors has failed to come forward with any factual or legal showing as to the basis for her contention that she is entitled to summary judgment, much less any concrete factual or legal assertions to which defendant might reasonably be able to fashion a response.

The law is clear that, in the summary judgment context, "conclusory allegations without specific supporting facts have no probative value." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (citation omitted); *see also Burger King Corp. v. E-Z Eating, 41 Corp.*, 572 F.3d 1306, 1313 (11th Cir. 2009) (explaining that a "party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the [record] ... which it believes demonstrate the absence of a genuine issue of material fact") (citations omitted); *Information Systems and Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) ("The moving party bears the burden of proving that no genuine issue of material fact exists."). Yet that is all Favors has submitted; therefore, her summary judgment motion is plainly lacking.

Of course, the Court is well aware of Favors' *pro se* status. However, the fact that Favors is proceeding without counsel does not exempt her from complying with the Federal Rules of Civil Procedure, the Local Rules, and court orders. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); Local Rule 83.9(b). Furthermore, Favors is advised that applicable procedural rules forbid this Court from "filling in the gaps," acting as her *de facto* lawyer, or rewriting her summary judgment motion to eliminate the aforementioned deficiencies, merely because of her *pro se* status. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Because plaintiff's filing is wholly insufficient to satisfy her initial, threshold burden of

proof under Rule 56, her Motion for Summary Judgment (doc. 32) is **denied**. Nothing herein excuses Favors from filing a response to Alabama Power's pending motion for summary judgment on or before the previously established May 26 deadline.

Finally, the Court observes that the format of Favors' latest filing is unacceptable. The Local Rules of this District Court are clear that "[r]equests for court action may not be submitted in the form of a letter," LR 5.1(d), as plaintiff has done here. If Favors wishes to file any request for relief, memorandum of law, or other paper with the Clerk of Court in this matter, it must be in the proper format. That means that any document Favors submits for filing must include, at a minimum, the caption of the lawsuit (*i.e.*, name of the court, title of the lawsuit, case number), and a designation of the type of filing (complaint, notice, motion, response, etc.). Additionally, all such filings must be signed by plaintiff and must include the information required by Rule 11(a) of the Federal Rules of Civil Procedure, must include a certificate of service as required by Rule 5(d), and must comply with the formatting requirements of Local Rule 5.1. Her Motion for Summary Judgment omits the caption of the case; is not styled as a motion or anything else; does not set forth her address, e-mail address and telephone number as required by Rule 11(a), Fed.R.Civ.P.; and lacks the required certificate of service. ***Plaintiff is cautioned that future filings that do not satisfy these requirements may be stricken.***

DONE and ORDERED this 5th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE